UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHNSON-HARRIS,                    :
                                    ORDER

        Plaintiff(s),       :

    -against-                 :       18 Civ. 4517 (NSR) (LMS)

UNITED STATES OF AMERICA,    :

        Defendant(s)        :

------------------------------------------------------------x

       On January 9, 2020, Plaintiff's counsel submitted a letter motion seeking to have a particular document, hereinafter referred to as "Timeline," deemed protected from disclosure by the attorney-client privilege. Attached to the letter motion was a portion of Plaintiff's deposition, starting at page 48 and continuing through page 63. On January 15, 2020, Defendant's counsel submitted a letter in opposition, to which was attached the same deposition transcript, but this time beginning at page 47 and continuing to page 63. By Order issued January 21, 2020, the undersigned directed Plaintiff's counsel to submit the Timeline to the Court for *in camera* review. That review has been completed, and upon full consideration of the arguments of counsel this Court denies Plaintiff's application and directs that the document, sanitized[1] of any marks or notes made by prior counsel, shall be produced to Defendant's counsel within five business days of the date of this Order.

       The issue is whether the document in question, which was first identified during

---

[1] Plaintiff's counsel may redact any and all marks and notes from the document, either by striking them through or covering them over with a black marker or label. Counsel may also redact by using Liquid Paper or Whiteout or some similar product which, when photocopied, may remove any indication at all that marks or notes were made. This is acceptable to the Court.

Plaintiff's deposition,[2] is protected from disclosure by the attorney-client privilege. It is firmly established that "[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *United States v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 119 F.3d 210, 214 (2d Cir.1997); *see also Bell v. Pfizer Inc.*, No. 03 CV 9945 (KMW)(HBP), 2006 WL 2529762, at *4 (S.D.N.Y. Aug. 31, 2006). The attorney-client privilege may be defined as follows: "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his [or her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at [the client's] instance permanently protected (7) from disclosure by himself [or herself] or by the legal advisor, (8) except the protection be waived." *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1036 (2d Cir.1984) (*internal quotation marks omitted*). "Because the attorney-client privilege remains an exception that may withhold relevant information at the pre-trial or the trial stage of a . . . civil proceeding, it may be invoked to hold secret only those communications made in confidence to a lawyer to obtain legal counsel that would not have been made without the existence of the privilege. *See Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir.1961) (Friendly, J.)." *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (*parallel citations omitted*).

Plaintiff's counsel argues, in part, that his client had informed him, presumably after the deposition was completed, that she drafted the Timeline and provided it to her then attorney

---

[2] The Timeline was not identified in a privilege log as required by Local Civil Rule 26.2, or in any other discovery production. *See also* FED. R. CIV. P. 26(b)(5). There has been no explanation for this failure on the part of Plaintiff's counsel.

"because she thought it would assist him." DE 37 at p. 1. As noted by Plaintiff's attorney, the Timeline was found in the file of plaintiff's former counsel, "with handwritten notes and various scribbles along the document." *Id.* at n. 1. No affidavit or other sworn statement has been offered to support Plaintiff's purported reason for drafting the Timeline, except her statement at pages 47 and 52 of her deposition, where she affirmatively referred to the Timeline as notes to try to assist her in refreshing her recollection, or in organizing her recollection. *See United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)(A privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, . . . is then typically supplied by affidavit or deposition testimony.") Plaintiff stated in her testimony that she had created the document voluntarily, without being asked by her attorney, and that she then sent the Timeline to him, although the exact circumstances of the delivery are unclear.[3]

Plaintiff's counsel not only failed to include the Timeline in any privilege log, as required, which is alone a basis for denying the assertion of privilege, but Plaintiff's counsel has also tried to shift the burden on this issue to the adversary. Plaintiff's counsel argues, *inter alia*, that Defendant's counsel failed to inquire of Plaintiff during her deposition the purpose of preparing the Timeline, and the purpose of giving it to her attorney, although counsel "was invited to (and given free rein) to [*sic*] question plaintiff on why she wrote the timeline, and why she gave it to her attorney. Defense counsel chose not to pursue this line of questioning." DE 37 at p. 1. This argument places the responsibility to prove absence of privilege on the wrong party

---

[3] *See* DE 38-1 at pp. 53, 56-57, 60-61.

– the burden is on the party asserting privilege, in this case, on Plaintiff. *See United States v. Adlman*, 68 F.3d 1495, 1500 (2d Cir.1995) ("The party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements.") Counsel's letter includes a purported statement from his client about the reason for preparing the Timeline, but that purported statement is not presented in an affidavit or other sworn document. Rather, the evidence before the Court is that Plaintiff prepared the Timeline for her own use, and that she also gave it to her attorney. This is insufficient to carry the burden of establishing privilege. "The fact that a document is sent or received between attorney and client does not make it privileged unless it contains confidential communications relating to legal advice." *Grossman v. Schwarz*, 125 F.R.D. 376, 387 (S.D.N.Y. 1989). The document itself appears to contain only facts, which are not themselves privileged.

> It is well-settled that "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn [Co. v. United States]*, 449 U.S. [383,] 396 [(1981)]; *In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir.1992). A party invoking the attorney-client privilege must demonstrate that there was "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re Cnty. of Erie*, 473 F.3d [413,] 419 [2d Cir.2007].

*Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. 2010)(parallel citation omitted). For these reasons Plaintiff has failed to carry her burden of establishing applicability of the attorney-client privilege.

Moreover, even if the document is privileged, which it is not, if it were used to refresh Plaintiff's recollection, either at trial or during the deposition, then it would have to be produced. *See* FED. R. EVID. 612; *see United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 393

Page 4 of 5

(S.D.N.Y. 2016) (to the extent that a witness uses any privileged documents to refresh recollection for purposes of testifying, those documents may not longer be withheld). From the transcript of the deposition it appears that refreshing Plaintiff's recollection was the purpose of creating the document, but it is not clear whether the document was actually used to refresh her recollection, so any ruling on that basis may have to await her trial testimony.

For these reasons, Plaintiff's counsel is directed to produce the document, sanitized of any marks or notes made by prior counsel, as described herein, to Defendant's counsel within five business days of the date of this Order.

This constitutes the Decision and Order of this Court.

Dated: February 4, 2020
       White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York