UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXINE L JOHNSON-HARRIS,

                 Plaintiff,

-against-

UNITED STATES OF AMERICA,

                 Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2021
```

No. 18 CV 4517 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Maxine L Johnson-Harris ("Plaintiff") filed this action against the United States of America under the Federal Tort Claims Act ("FTCA") for injuries she allegedly incurred when she tripped on a mat and fell during a visit to the Hartsdale Post Office in Westchester, New York, on October 25, 2016. The United States has moved for summary judgment. (ECF No. 50.) For the reasons that follow, the Court GRANTS the United States' motion.

## BACKGROUND

    All facts are taken from the United States' Statement of Undisputed Facts ("SUMF" (ECF No. 52)), the Plaintiff's reply thereto ("SUMF Resp." (ECF No. 55)), and the parties' affidavits and exhibits, and are uncontested except where indicated.

### I.   The Hartsdale Post Office

    During the year 2016, the United States Postal Service ("USPS") operated the Hartsdale Post Office in Scarsdale, New York. (SUMF ¶ 1; SUMF Resp. ¶ 1.) In October 2016, Alicia Reed was the Postmaster of the Hartsdale Post Office (the "Supervisor"). (SUMF ¶ 2; SUMF Resp. ¶ 2.) Idris Kassim worked as a distribution clerk at the Hartsdale Post Office for 27 years, including during October 2016 ("the Clerk"). (SUMF ¶ 3; SUMF Resp. ¶ 3.)

    The Supervisor testified that Cintas came to the Hartsdale Post Office once a week. (Reed Tr. 95:16-96:4). She further testified that she would remove any mats she saw were defective (Reed

1

Dep. 95:9-96:4); however, there was no policy or procedure for other employees to inform her of a defective mat. (Reed Dep. 98:22-24). Instead, she believed they would tell her of a defect because it is "common sense." (Reed Dep. 99:9-21).

A custodian at the Hartsdale Post Office also had the authority to remove any mat containing a defect. (SUMF ¶ 7; SUMF Resp. ¶ 7.)

## II.     The Accident

On October 25, 2016, Plaintiff went to the Hartsdale Post Office. (Pl. Dep. 71:2-13). When she entered the Hartsdale Post Office, she went to the customer service counter to purchase some money orders. (Pl. Dep. 71:9-13.) After purchasing the money orders, plaintiff thanked the clerk and turned to the right, preparing to walk towards the writing counter to fill out the money orders. (Pl. Dep. 75:5-9, 16-22.) When she turned to leave the counter, the outside of her right foot caught onto the defect with the mat, causing her to fall. (Pl. Dep. 81:11-82:23.) Plaintiff did not see any ripple or puff on the mat prior to the fall (SUMF ¶ 9; SUMF Resp. ¶ 9); however, while on the floor, plaintiff saw a "puff" or "ripple" in the mat that she avers caused her to fall (Pl. Dep. 76:24-77:2, 80:25-81:4; 88:17-89:5).

After falling, Plaintiff stayed on the ground for approximately five minutes (Pl Dep. 108:22-25). A postal service employee saw Plaintiff on the floor and went to alert the Supervisor. (Kassim Dep. 24:6-13). A postal clerk came around the counter to assist Plaintiff while she lay on the floor and Plaintiff testified that the Clerk noticed the defect with the mat and pointed it out to Plaintiff. (Pl. Dep. 85:19-9). Plaintiff told the Supervisor that she tripped over the mat, and the Supervisor immediately removed the defective mat from the lobby and put it in her office. (Reed Dep. 70:17-22; 72:20-24; 77:2-7; 78:9-13).

The USPS did not take photographs of the mat. (Reed Dep. 92:22-24). The defective mat was not preserved and was returned to the company which provided the mats. (Reed Dep. 83:15-

17). The post office had surveillance cameras that captured video of the "lobby area" of the post office. (Reed Dep. 24: 12-1 7). The Supervisor "assumed" that she could have had the video downloaded if she asked the IT department to do it but she never did "because that's not part of my job description." (Reed Dep. 38:11-17; 103:5-24).

### III.   Plaintiff's Injuries

As a result of the mat catching her foot, plaintiff fell on her right side (Pl. Dep. 82:22-83:3) and landed upon the mat. (Pl. Dep. 80:17-24).

### IV.   Procedural History

Plaintiff filed this action on May 22, 2018. (ECF No. 1.) The United States answered on August 13, 2018. (ECF No. 8.) During a conference on March 6, 2020, Magistrate Judge Smith directed the parties to file a pre-motion conference letter for their anticipated summary judgment motion(s). The United States filed a pre-motion conference letter on April 16, 2020. (ECF No. 47.) The Court waived the pre-motion conference requirement and granted the United States leave to file its summary judgment motion. (ECF No. 48.) That motion (ECF No. 50; *see* ECF Nos. 51-53), which Plaintiff opposed (ECF Nos. 54-56), is now before the Court.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material

fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

Nonetheless, "when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhauser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

## DISCUSSION

### I. Premises Liability Claims

"Because plaintiff alleges that the government's negligent act or omission occurred in New York, the source of substantive liability for her FTCA claim is New York law." *Ryan v. United States*, 15-cv-2248 (GHW), 2015 WL 7871041, at *4 (S.D.N.Y. Dec. 3, 2015); *see* 28 U.S.C. § 1346(b)(1). To establish a prima facie case of negligence under New York law, "the plaintiff must establish the existence of a duty on the defendant's part to the plaintiff, the breach of the

duty, and that the breach of the duty was a proximate cause of an injury to the plaintiff." *Quinlan v. Exel Direct Inc.*, No. 11-cv-8739 (KNF), 2014 WL 2991025, at *6 (S.D.N.Y. July 3, 2014) (quoting *Gordon v. Muchnick*, 579 N.Y.S.2d 745, 746 (2d Dep't 1992)).

"To succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order) (quotation marks and alteration omitted); *accord, Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006).

In slip-and-fall cases, there are two theories by which a plaintiff can establish constructive notice. Under the first, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837 (1986) (holding that stray litter on heavily trafficked stairs to museum that plaintiff did not see prior to fall did not amount to constructive notice); *accord Taylor v. United States,* 121 F.3d 86, 89-90 (2d Cir. 1997). Under the second, a plaintiff may submit "evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 193 (S.D.N.Y. 2004); *accord Weisenthal v. Pickman*, 545 N.Y.S.2d 369, 371 (2d Dep't 1989).

## II.     Application

Plaintiff does not assert that the USPS had actual notice. Instead, Plaintiff avers that a dispute of material fact exists as to whether the USPS had constructive notice of the dangerous or defective condition—the allegedly defective mat—that caused her fall and consequent injury.

Plaintiff's argument as to the first theory of constructive notice is that the allegedly defective mat[1] was in the middle of the post office lobby, directly in front of a USPS employee, and visible to a security camera.[2] However, as Defendants correctly observe, Plaintiff has adduced no evidence that the *defect* as opposed to the *mat* was visible. "Courts in the Second Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall." *Watts v. Wal-Mart Stores E., LP*, No. 16-cv-4411 (KMK), 2018 WL 1626169, at *5 (S.D.N.Y. Mar. 29, 2018) (collecting cases). Plaintiff has failed to "provide some basis for an inference that the [defect] was there long enough to blame [Defendant] for the accident." *Casierra v. Target Corp.*, No. 09-cv-1301, 2010 WL 2793778 (JG) (MDG), at *3 (E.D.N.Y. July 12, 2010); *see also Watts*, 2018 WL 1626169, at *5 (finding no constructive notice because "there is simply no evidence . . . as to how long" the defective condition existed) (quoting *Casierra*, 2010 WL 2793778, at *3 (collecting additional cases)); *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 838 (1986) (granting summary

---

[1] Insofar as Plaintiff seeks an adverse inference instruction based on Defendant's failure to document or preserve the defective mat; however, she fails to adduce evidence, let alone, allege, that at the time the mat was returned to the supplier as it the custom, Defendant knew or should have known that it would be evidence relevant to litigation. *See, e.g.*, *Rivera v. Nat'l Passenger R.R. Serv.*, 442 F. Supp. 2d 164, 170 (S.D.N.Y. 2006) ("When it was thrown away, plaintiff had not yet commenced any legal action, nor had she put Amtrak on notice that she was likely to do so, nor had she made any request to examine the capping.") Plaintiff's actions cannot be construed to have put Defendant on notice that litigation was possible where she stood up on her own and went about filling out her money orders, told the supervisor she was fine, and provided the supervisor with a statement that she was fine and that there was no reason that she could not leave the Post Office on her own.

[2] Insofar as Plaintiff seeks an adverse inference instruction based on Defendant's failure to preserve surveillance video, she has failed to present evidence upon which the Court could make a "finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). An employee's testimony that she could have had the video downloaded if she asked the IT department to do it but she never did "because that's not part of my job description" (Reed Dep. 38:11-17; 103:5-24), does not come close to the standard.

judgment where "[t]he record contains no evidence that anyone, including plaintiff, observed the [defect] prior to the accident" and plaintiff failed to "provide[] some indication that it had been present for some period of time").

As to the second theory of constructive notice, Plaintiff has brought forward no evidence that any defect in the mat or mats was ongoing or recurring, or that it was unaddressed. The only evidence before the Court is that (1) the USPS employees had never experienced a customer tripping over a mat before, and (2) USPS employees regularly monitored mats for defects and had them replaced at regular intervals. (Kassim Tr. 36:9-14 (employee had never in 27 years seen someone else trip over mats); Reed Tr. 68:11-12 (employee had "never dealt with a situation like this"); Reed Tr. 95:16-20 (employee regularly inspected and removed any defective mats)); *see also* Reed Tr. 25:18-27:2 (mats were changed weekly).) Because it would be Plaintiff's burden at trial to demonstrate constructive notice, Defendant can and has prevailed on summary judgment by pointing to a lack of evidence going to this essential element of Plaintiff's claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 50 and to terminate this action.

Dated:   September 8, 2021                                         SO ORDERED:
         White Plains, New York

                                                                   _____
                                                                   NELSON S. ROMÁN
                                                                   United States District Judge